# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
Aug 07, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>v.<br><br>ARONIS JOSE HERNANDEZ-AGUILAR<br><br>*Defendant(s)* | Case No. 2:24-mj-0093 CKD |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __August 7, 2024__ in the county of __Solano__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and possession with intent to distribute fentanyl |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

Brian Nehring, DEA Special Agent
*Printed name and title*

Sworn to me and signed via telephone.

Date: August 7, 2024

*Judge's signature*

City and state: Sacramento, CA

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Brian Nehring of the DEA, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (DEA), San Francisco Field Division, and have been so employed since 1991. I have had numerous assignments since beginning with DEA, including being assigned to the San Francisco Division Office between 1991 and 1994, the Alameda County Narcotics Task Force between 1995 and 1996, the San Francisco Division Clandestine Laboratory Enforcement Team from 1997 to 1999, the Oakland Resident Office between 1999 and 2002, and the Mobile Enforcement Team (MET) between 2002 and 2004. I have been assigned to the Sacramento Division Office since September of 2004.

2. This Affidavit is submitted in support of a Criminal Complaint charging **Aronis Jose HERNANDEZ-AGUILAR** with distribution and possession with intent to distribute a mixture and substance containing a detectable amount of Fentanyl, in violation of 21 U.S.C. 841(a)(1).

## PROBABLE CAUSE

3. Beginning in 2023, I initiated an investigation of a particular fentanyl distributor residing in the San Francisco Bay Area who was conspiring with multiple individuals to deliver and distribute large amounts of fentanyl throughout the Eastern District of California. I ultimately fully identified this individual, hereinafter referred to as **Target 1.** During 2023, I engaged in recorded narcotics-related calls with Target 1 during which he agreed repeatedly to send a particular partner, hereinafter referred to as **Target 2** (also fully identified), to deliver large amounts (multiple ounce quantities) of fentanyl to me in Solano County, California (the Eastern District of California). I purchased over a kilogram of fentanyl from Target 1 and Target 2 during these 2023 purchases. In late 2023, California State narcotics arrest warrants for Target 1 and Target 2, unrelated to this investigation, were issued and both individuals shortly thereafter relocated to the Portland, Oregon area. This was confirmed by my conversation with Target 1 and by GPS phone locator information obtained via court authorization for their telephones.

4. I remained in telephonic contact with Target 1 while Target 1 and Target 2 were in Portland during late 2023 and early 2024. I was able to introduce a Portland-area

1

Cooperating Source (CS) to Target 1 over the telephone. This CS subsequently conducted multiple transactions in the Portland, Oregon area with Target 1 and Target 2 for multiple 1000-count quantities of fentanyl tablets which were delivered by Target 2 and additional members of this Drug Trafficking Organization (DTO) which were monitored by DEA Agents in that region during 2024.

5. Despite being in another state, Target 1 agreed to have additional amounts of fentanyl delivered to me in the Eastern District of California (the same location in Solano County) on two occasions in 2024, and I purchased over a kilogram of fentanyl during these purchases. Two different individuals delivered the fentanyl during these two different transactions, one in March and one in June 2024. Both of these individuals engaged in conversation regarding the fentanyl that made it clear they were aware of what they were doing, *i.e.*, delivering large amounts of fentanyl and receiving the money owed in return at the direction of Target 1.

6. Most of the suspected fentanyl I purchased through Target 1 in 2023 and 2024 has been analyzed by the DEA Western Regional Laboratory and a determined as being a substance and mixture containing fentanyl.

7. Court-authorized GPS phone locator information for Target 1's telephone showed that prior to the June 2024 transaction describe above, this telephone departed Portland and traveled into Mexico where location information ceased. Target 1 subsequently contacted me from Honduras phone numbers via What's App calls and texts and informed me he was in Honduras but could still provide me with large amounts of fentanyl.

8. In early August 2024, I engaged in recorded narcotics-related What's App calls and texts with Target 1 over his Honduras phone number. During these calls, Target 1 agreed to have between two and three kilograms of fentanyl delivered to me on August 7, 2024, at the same location in Solano County, which was a fast-food business lot. I engaged in recorded calls with Target 1 on 08-07-2024 during which he informed me that his "cousin" was almost there, and that this individual knew what vehicle I was in. Shortly thereafter, I observed an individual subsequently identified as Aronis Jose HERNANDEZ-AGUILAR, arrive in the parking lot of the business in a tan Toyota sedan. I observed HERNANDEZ-AGUILAR remove a box and a bag from the trunk of the vehicle, which he carried over to my vehicle. He then entered my vehicle through the passenger door. While this was occurring, I was on a What's App telephone call with Target 1 who identified HERNANDEZ-AGUILAR as his cousin and that he had arrived and was bringing the drugs over to me.

9. Upon entering my vehicle, HERNANDEZ-AGUILAR immediately handed me a shoe box and an additional knotted black plastic bag. I opened the box and observed two similar knotted black plastic bags inside the shoe box. I opened all three of the bags and observed that they each contained a vacuum sealed bag which each further contained a very large amount of white chunky substance, suspected fentanyl, which I examined on the center console of my vehicle as HERNANDEZ-AGUILAR sat next to me.



10. I asked HERNANDEZ-AGUILAR how many ounces were in the box, and he indicated he believed it was about seventy, and I asked how many were in the bag and how much money exactly I was supposed to deliver to him. HENANDEZ-AGUILAR the placed a call in my presence to Target 1 using his own telephone and I listened as they discussed in Spanish exactly how much money I was supposed to give HERNANDEZ-AGUILAR. Shortly thereafter, agents moved in and detained and arrested HERNANDEZ-AGUILAR just outside my vehicle.

11. The suspected fentanyl that HERNANDEZ-AGUILAR delivered to me in the Eastern District of California was weighed and determined to be **3,365 gross grams** with packaging. I noted that this substance was entirely consistent in appearance with both my training experience with fentanyl and with all the fentanyl I had previously purchased form Target 1 which had been analyzed as being fentanyl in the past.

12. I subsequently spoke with HERNANDEZ-AGUILAR following his arrest during a recorded statement. HERNANDEZ-AGUILAR indicated he spoke English but was more comfortable speaking in Spanish and FBI SA Vanessa Tinajero translated our conversation. I read HERNANDEZ-AGUILAR his Miranda Rights which he indicated he understood, and he was willing to speak with me. In summary, he admitted that he had picked up the drugs at the behest of another individual from a location in Oakland, and that he had sold drugs in the past, to include cocaine, crack cocaine, heroin, and fentanyl.

13. During a search of HERNANDEZ-AGUILAR's vehicle, agents located a "trap," i.e., an apparent after-market manufactured concealed compartment, beneath the passenger seat. In this area, agents located a black plastic bag containing amounts (multiple gram quantities) of suspected tar heroin and fentanyl and/or cocaine. In this same vehicle, agents located three money transfer receipts in HERNANDEZ-AGUILAR's name documenting his wire transfer of approximately four thousand dollars to Honduras in the just the last seven days.

14. Inquiries with NCIC revealed that HERNANDEZ-AGUILAR (FBI#*****W9TN, DOB: **-**-1998) had an extensive criminal history including the following: a 07-08-2021 arrest in San Francisco for Transportation/Sales of a Controlled Substance, Possession for Sale of Cocaine Base, and two separate counts of Possession for Sale of a Controlled Substance; a separate arrest in San Francisco on 07-24-2021 for three (3) separate counts of Possession of a Controlled Substance for Sale, Possession of Cocaine Base for Sale and Contempt/Disobeying a Court Order; a 03-02-2022 arrest in Oakland (Alameda County) for four(4) separate counts of Possession of a Controlled for Sale, Possession of Cocaine Base for Sale, Keeping a Place to Manufacture/Distribute Controlled Substances and Conspiracy to Commit a Crime; and a 06-29-2023 arrest in San Francisco for four (4) separate counts of Possession of a Controlled Substance for Sale and Possession of Cocaine Base for Sale.

**[Continued on the next page.]**

## **CONCLUSION**

15. I request that based upon this Affidavit, a Criminal Complaint and Arrest Warrant be issued for HERNANDEZ-AGUILAR charging him with distribution and possession with intent to distribute a mixture and substance containing a detectable amount of Fentanyl, in violation of 21 U.S.C. 841(a)(1).

16. I swear under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information and belief.

/s/
_____
Brian Nehring, Special Agent
Drug Enforcement Administration


Sworn to and subscribed before
me on the __7th__ day of August 2024.

_____
Carolyn K. Delaney
UNITED STATES MAGISTRATE JUDGE


Approved as to form:

_____
Cameron L. Desmond
Assistant U.S. Attorney

5

<u>**United States v. Hernandez-Aguilar**</u>
**Penalties for Criminal Complaint**

## **COUNT 1**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 841(a)(1) – Distribution of a mixture and substance containing fentanyl |
| PENALTIES: | A maximum of up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## **COUNT 2**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 841(a)(1) – Possession with intent to distribute a mixture and substance containing fentanyl |
| PENALTIES: | A maximum of up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)